Judge Buckner,
delivered the opinion of the court.
This was an action instituted by the appellants against Beeler and others, on an appeal bond. The condition of the bond recites, that whereas, ata circuit court held for the Jefferson circuit, on the 15th of February, 1828, in a suit in chancery, wherein George Hicks and Richard Barbour, executor of Joseph Kellar, deceased, and Richard Barbour executor of Sarah Kellar, deceased, were complainants, and the said J. C. Beeler and others were defendants* the complainants recovered of Beeler, the sum of $1798 and 7 cents, and costs; from which he prayed an appeal, &c. The declaration contains the necessary aver-ments to authorize a recovery by the executors; but assigns for breaches, the non-payment of the $1798 7 cents and costs, in the circuit court; and of the damages and costs awarded by this court, on the decision of the case in favor of said executors; but there is no averment of their amount, nor indeed any positive averment that any damages were awarded.
To the declaration there was a demurrer which the circuitcourtoverruled. The appellees then pleaded, that there was no such record of a decree in the circuit, court as. that described in the appeal bond and declaration, to which the appellants filed a demurrer, which the court overruled.
The appellees also filed another plea of nul tiel record, as to that set forth from the court of appeals, upon which issue was joined; the cause was then submitted to the court for its decision. Judgment was entered in favor of the appellees, from which the executors prosecute this appeal. The demurrer to the declaration was correctly overruled. A general verdict for the appellants, for the amount of the decree of the circuit court, and the costs and damages awarded by this court, would have been irregular; but the appellants might have obtained a verdict and judgment, without running into such an error, by taking a verdict upon the valid breach only.
To a declaration in covenant containing sufficient and insufficient breach-' es, a demurrer which is applied to the whole of it, ought not to be'sustained.
In an action bn an appeal bond, the ob-ligors are cdojjped to deny the existence of a decree, which they have acknowledged, in the condition of the appeal bond, to exist.
Haggin. for appellants; Denny & Triplett, for appellees.
To a declaration in covenant containing sufficient and insufficient breaches, a demurrer which is applied to the whole of it, ought not to be sustained. See I Chitty’s plea. 643; I Saun. 286 N. 9; II Saun. 379, 380, note 14, and the case of Owings vs. Norton and Dodge, I Mar. 576.
The demurrer to the plea of nul tiel record, as to thedecreeof the circuit court, ought to have been sustained. The appellees, by the appeal bond executed under their hands and seals, had acknowledged the existence of such a decree; and were legally estopped to deny it. The circuit court therefore, erred, in overruling that demurrer. If the plea was good, upon overruling the demurrer to it, judgment should have been entered for the appellees; aud no necessity existed to try the issue upon the other plea of :ínul tiel record;” but the court proceeded to the trial of the issue, without any further notice of the plea which remained unanswered. The appellants, however, cannot complain of the courts thus trying the issue on the second plea, as it did not operate to their prejudice; The only point relating to the first plea, of which they can properly Complain, is that their demurrer to it was improperly overruled.
But had the circuit court sustained their demurrer, the second plea was valid; they did not demur to it, ■but replied that there was such a record from the court of appeals, deciding the cause in favor of the appellants, as they had described in their declaration; if therefore, the issue thus joined was correctly decided by the circuit court, the judgment ought not to he reversed. But on an inspection of the record, we are of opinion, that the replication of the appellants, that there was such a record, was supported; and that therefore, the circuit court erred in entering judgment against them. There is a substantial and sufficient accordance between the description of the record from this court, as set forth in the declaration, and as exhibited by the certified copy of it, which was read on'the trial.
The judgment of the circuit court must be reversed and the cause remanded,for further proceedings to-be had not inconsistent with this opinion. The case seems to have been very loosely and irregularly conducted in that court by both parties; and as justice demands it, they should be allowed on application, to • amend the pleadings.